Joseph Dube
vs.                    No. 66665
H. Ethier & Bonin
Spinning Co.

RESCRIPT.

September 28, 1926.

CAPOTOSTO, J.   In an action for negligence the jury returned a verdict for the plaintiff in the sum of $6106 against the defendant Ethier. The defendant moves for a new trial. The main claim advanced by the defense in support of this motion is that the damages are excessive.

The case involves a collision at a street corner. The defendant drove a high-powered car at an excessive rate of speed, with the sun shining in his eyes, and took little or no precaution for other travelers who might have a right to cross his path in entering upon the highway along which he was proceding.

Whether or not the plaintiff was in the exercise of due care was a pure question of fact. The issue of liability was properly decided by the jury in favor of the plaintiff. The question of damages deserves more careful consideration.

The plaintiff, a carpenter by trade, while claiming in his testimony no permanent injuries in specific terms, made it quite apparent, by statements or indirect inference, that from the day of the accident, that is, October 20, 1925, to June 9, 1926, the time of this trial, he was unable to do his usual work and that he would continue to be in that condition for an indefinite period of time. As a result of the collision, the plaintiff sustained a fracture of four ribs on the left side and a fracture of the transverse process of the dorsal vertebra. There was no injury to any internal organ. The fractures united firmly in normal time and without any resulting complications.

The only medical testimony in the case was that of Dr. Edward L. Myers, who, after examining the plaintiff in behalf of some undisclosed party, was requested by the plaintiff himself to continue as his private physican. Dr. Myers, presented as a witness by the plaintiff, testified positively that at most a period of six months would put the plaintiff back in his natural and ordinary condition. He also stated that, in his opinion, the conduct of the plaintiff was marked by a certain degree of exaggeration due to a feeling that he was more hurt than he really was.

The plaintiff's attorney, in resisting the defendant's claim for a new trial on the ground of excessive damages, firmly and correctly asserted that this court should not disturb a jury's verdict simply because it might feel that the verdict was marked by reasonable human liberality. The question then resolves itself into the proposition as to whether the jury's verdict was merely liberal or actually excessive. The testimony construed most favorably for the plaintiff discloses the following allowance for the various fixed elements which go to make up the damages suffered in this case: property damage, $300; doctor's bills: Dr. Myers, $100, allowance for two other doctors who attended the plaintiff but who did not testify, estimated $50; wages: allowance from the date of the accident, October 20, 1925, to the first day of this trial, June 9, 1926, 34 weeks at $44 a week, $1496; making a total of $1946.

The jury in returning its verdict for $6106, therefore, added approximately $4160 for pain and suffering and, possibly, future incapacity. Was this excessive?

The testimony of Dr. Meyers stands uncontradicted. His conclusion that the plaintiff believed himself more seriously injured than he actually was found distinct corroboration in the plaintiff's conduct at the trial by the plaintiff in his testimony giving himself the benefit of every possible doubt. The plaintiff's failure to call two other physicians who had attend-

ed him, or to explain their absence, can not be overlooked. All the testimony except his own shows that the plaintiff was completely recovered and had been so for some appreciable time before the trial. What may have influenced the jury to award the large amount which it did for pain and suffering is, of course, a matter of conjecture, but in all reasonable probability the attitude of the defendant contributed materially to the ultimate result. . The defendant's conduct while on the witness stand was not such as would appeal to the ordinary jury. In describing what was done either at the time of the accident or after the collision, he repeatedly referred to his "driver" doing this, or his "chauffeur" doing that. An atmosphere of wealth against restricted resources was the inevitable result.

Mr. Dube should receive full, fair and, possibly, even liberal compensation for any injury, but he is not entitled to be enriched at the expense of another, whoever that other may be. Facts and sentiment must be kept distinct. The jury's verdict in its allowance for pain and suffering is beyond the limits of liberality. It is manifestly excessive. An allowance of $2000 or so, added to the $1496, which represents a liberal estimate of the computable loss sustained, would more justly determine the rights of the parties.

If within five days from the filing of this rescript the plaintiff remits all of the above verdict in excess of $4000, defendant's motion for a new trial is denied; otherwise a new trial is granted on both the question of liability and damages.

For Plaintiff: John R. Higgins.

For Defendant: Ralph T. Barnefield.